IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BRIAN GAUTHIER, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| v. | ] |
| | ] 1:12-CV-1953-KOB |
| NATIONWIDE INSURANCE COMPANY AND ALLSTATE INDEMNITY COMPANY, | ] |
| | ] |
| Defendants. | ] |

### MEMORANDUM OPINION AND ORDER

This matter comes before the court on Defendant Allstate Indemnity Company's "Renewed Motion for Final Summary Judgment" (doc. 38) and Defendant Nationwide Insurance Company's "Motion for Summary Judgment." (Doc. 50). Pro se Plaintiff Brian Gauthier claims that both Defendants breached their contracts with him because they failed to pay him for damage done to his home from a fire that destroyed his home in September 2009. The Defendants both argue that they are entitled to summary judgment because Mr. Gauthier did not hold an insurance policy with them at the time of the fire.

The court finds that no genuine issue of material fact exists and that both Defendants are entitled to judgment as a matter of law because Mr. Gauthier was not insured by either Defendant in September 2009. For the reasons more fully stated below, the court will GRANT the Defendants' motions for summary judgment; DISMISS WITH PREJUDICE all of Mr. Gauthier's claims against the Defendants; and will ENTER JUDGMENT for Defendants Nationwide and Allstate and against Mr. Gauthier.

1

I.     STATEMENT OF FACTS

The initial order issued in this case specifically states that "Any motion(s) for summary judgment filed in this action ***must comply*** with ***all*** requirements of **Appendix II** to this order." (Doc. 4, at 9) (emphasis in original). Appendix II clearly states:

> The non-moving party's response to the moving party's claimed undisputed facts shall be in separately numbered paragraphs that coincide with those of the moving party's claimed undisputed facts. Any statements of fact that are disputed by the non-moving party must be followed by a specific reference to those portions of the evidentiary record upon which the dispute is based. *All material facts set forth in the statement required of the moving party will be deemed admitted for summary judgment purposes unless controverted by the response of the party opposing summary judgment.*"

(Doc. 8, at 16-17) (emphasis in original). Mr. Gauthier's response does not comply with the court's requirements and thus, the court will deem admitted Nationwide and Allstate's statements of undisputed facts in their briefs supporting their motions for summary judgment and will state the relevant facts below.

     That Mr. Gauthier is a pro se Plaintiff does not exempt him from the requirements for responding to a motion for summary judgment. In the court's order setting the summary judgment briefing schedule, the court specifically directed Mr. Gauthier to Appendix II's requirements and notified Mr. Gauthier of the requirements for submitting affidavits and other supporting documents as part of his response to the Defendants' motions for summary judgment. (Doc. 49). Despite the court's statements that "the party opposing the [summary judgment] motion may not rely upon the mere allegations in the pleadings to counter the motion," Mr. Gauthier submitted no affidavits or exhibits or documents to support his statements of facts or his legal theories. *Id.*

For the sake of clarity, the court will include a brief summary of Mr. Gauthier's breach of contact claim as contained in his Amended Complaint. Mr. Gauthier claims that his home located at 110 Saxwood Drive, Wellington, Alabama, was destroyed in a fire on September 21, 2009. (Doc. 15, at 2). Mr. Gauthier claims the house was worth $600,000 and was insured under homeowner's policies issued by both Nationwide and Allstate at the time it was destroyed. Mr. Gauthier claims that both Defendants breached their contractual obligations to him by failing to comply with the insurance policies he obtained from them and which Mr. Gauthier claims provide coverage for his loss in the fire. Mr. Gauthier claims $600,000 in compensatory damages and $1,000,000 in punitive damages in his Amended Complaint. *Id.* at 3.

A.   Nationwide Insurance Policy

Mr. Gauthier had two separate Nationwide homeowners insurance policies that covered his residence on Saxwood Drive. Nationwide issued policy number 7710 HP 146568 to Mr. Gauthier, but that policy was terminated on July 18, 2006. Nationwide issued Mr. Gauthier's second policy with policy number 7701 HP 157483 on December 4, 2007. (Doc. 51, at 21). However, by its own terms this insurance policy period ended on November 15, 2008. *Id.* at 23. Neither Nationwide nor Mr. Gauthier have produced any documents showing that any other policy was obtained after the expiration of the latter policy on November 15, 2008.

In his responsive brief, Mr. Gauthier does not dispute that the policy ended on November 15, 2008 but does allege that he made installment payments to Nationwide from his bank account past the policy period and that Nationwide did not reimburse him for these payments. (Doc. 53, at 1-2). However, Mr. Gauthier does not present any evidence to support that these overpayments actually occurred past the policy period or that Nationwide failed to reimburse him for the

payments.

Mr. Gauthier sent a letter to Nationwide on January 2, 2012 rescinding power of attorney given to Attorney William Mathis and referencing a letter he sent to Nationwide about his purported claim on November 15, 2011, but Nationwide never received a letter in November 2011. (Doc. 51, at 15). Mr. Gauthier also sent three additional letters to Randy Jones, a Nationwide insurance agent, at J&J Consulting & Investment between January 4 and February 1, 2012 requesting information on the status of his insurance claim.

### B.    Allstate Insurance Policy

Mr. Gauthier also had a homeowners insurance policy that covered his residence on Saxwood Drive with Defendant Allstate. Allstate issued policy number 000000931844792 to Mr. Gauthier; the policy went into effect on October 29, 2008.  Allstate sent Mr. Gauthier a Cancellation Notice via U.S. Mail to at 110 Saxwood Drive, Wellington, Alabama, on or about November 13, 2008, informing Mr. Gauthier that the policy would be cancelled on December 4, 2008.  Subsequently, Allstate cancelled the policy on December 4, 2008. Neither Nationwide nor Mr. Gauthier have produced any documents showing that any other policy was in effect after the expiration of the policy on December 4, 2008.

In his responsive brief, Mr. Gauthier does not dispute that the policy ended on December 4, 2008 but does allege that he made installment payments to Allstate from his bank account past the policy period and that Allstate did not reimburse him for these payments. (Doc. 53, at 2). However, Mr. Gauthier does not present any evidence to support that these overpayments actually occurred past the policy period or that Allstate failed to reimburse him for the payments.

C.   Procedural History

On April 20, 2012, Mr. Gauthier brought suit against Nationwide, Allstate, and Nationwide Agent Randy Jones in Circuit Court of Calhoun County, Alabama. (Doc. 1-1). Allstate removed the action to this court on May 23, 2012, and Nationwide filed a motion to dismiss or for more definite statement on May 29, 2012. (Doc. 5). The court issued an order for Mr. Gauthier to show cause why the court should not dismiss Randy Jones from the action, and then on June 13, 2012, the court dismissed Mr. Jones from the action finding that he was fraudulently joined to defeat diversity jurisdiction. (Doc. 9).

On July 11, 2012, Mr. Gauthier filed an Amended Complaint, which rendered Nationwide's motion to dismiss moot. (Doc. 15).  The Amended Complaint lists Counts I, II, III, and IV, but the only legally cognizable cause of action exists in Count IV for breach of contract against Defendants Allstate and Nationwide. The first three "counts" simply contain factual allegations involving the Defendants. The court interprets the Amended Complaint to bring a single cause of action:  breach of contract.

Without conducting any discovery, Allstate filed a motion for summary judgment on August 3, 2012. (Doc. 22). On September 17, 2012, the court denied the motion for summary judgment without prejudice to re-filing after the parties had conducted discovery. (Doc. 33). Allstate renewed that motion for summary judgment on November 27, 2012, and Nationwide filed its motion for summary judgment on March 8, 2013. (Docs. 38, 50). Mr. Gauthier submitted a consolidated response to both motions (doc. 53), and both Nationwide and Allstate submitted replies. (Docs. 54 & 55).

II.     STANDARD OF REVIEW

Summary judgment allows a trial court to decide cases when no genuine issues of material fact are present and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56. When a district court reviews a motion for summary judgment, it must determine two things: (1) whether any genuine issues of material fact exist; and if not, (2) whether the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56). The moving party can meet this burden by offering evidence showing no dispute of material fact or by showing that the non-moving party's evidence fails to prove an essential element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322–23. Rule 56, however, does not require "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.*

Once the moving party meets its burden of showing the district court that no genuine issues of material fact exist, the burden then shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Disagreement between the parties is not significant unless the disagreement presents a "genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). In responding to a motion for summary judgment, the non-moving party "must do more than simply show that there is some

metaphysical doubt as to the material fact." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a *genuine issue for trial*.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)) (emphasis added); *see also* Advisory Committee Note to 1963 Amendment of Fed. R. Civ. P. 56(e) ("The very mission of summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.").  The moving party need not present evidence in a form admissible at trial; "however, he may not merely rest on [the] pleadings." *Celotex*, 477 U.S. at 324.  If the evidence is "merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (citations omitted).

Furthermore, all evidence and inferences drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. *Graham*, 193 F.3d at 1282.  The nonmoving party "need not be given the benefit of every inference but only of every reasonable inference." *Id.*  The evidence of the non-moving party "is to be believed and all justifiable inferences are to be drawn in [its] favor." *Anderson*, 477 U.S. at 255.  After both parties have addressed the motion for summary judgment, the court must grant the motion *if* no genuine issues of material fact exist *and if* the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.

III.    LEGAL DISCUSSION

    A.    Nationwide

. In Alabama, a plaintiff can recover on a breach of contract claim if he can prove four elements: "(1) the existence of a valid contract binding upon the parties in the action, (2) his own

performance under the contract, (3) the defendant's nonperformance, and (4) damages." *Employees' Benefit Ass'n v. Grissett*, 732 So. 2d 968, 975 (Ala. 1998). The elements for a valid contract are "an offer and an acceptance, consideration, and a mutual assent to the essential terms of the agreement." *Armstrong Business Services, Inc. v. AmSouth Bank*, 817 So. 2d 665, 673 (Ala. 2001) (citing *Hargrove v. Tree of Life Christian Day Care Ctr.*, 699 So. 2d 1242, 1247 (Ala. 1997)).

Nationwide argues that no valid contract existed in September 2009 between itself and Mr. Gauthier, and thus his claim for breach of contract fails. The court agrees. The policy that Mr. Gauthier held with Nationwide had an explicit policy period of November 15, 2007 to November 15, 2008. As of November 16, 2008, Nationwide and Mr. Gauthier were no longer in a contractual relationship with regard to homeowner's insurance. Mr. Gauthier has not presented any evidence that this particular policy was extended or that he held another policy with Nationwide that covered loss sustained in September 2009. Because no valid contract exists, the court will GRANT Nationwide's motion for summary judgment and DISMISS WITH PREJUDICE all of Mr. Gauthier's claims against Nationwide.

    B.    Allstate

Allstate makes the same argument as Nationwide: it did not have a contract with Mr. Gauthier in September 2009, and thus it is entitled to judgment as a matter of law on Mr. Gauthier's breach of contract claim. The court agrees—a breach of contract claim cannot survive summary judgment if the Plaintiff has not produced evidence of the existence of a valid contract. The policy that Mr. Gauthier held with Allstate was cancelled on December 4, 2008, and Allstate sent Mr. Gauthier notice of the cancellation to the address listed on the homeowner's policy. As

of the cancellation of that policy, in December 2008, Allstate and Mr. Gauthier were no longer in a contractual relationship with regard to homeowner's insurance. Mr. Gauthier has not presented any evidence that this particular policy was extended or that he held another policy with Allstate that did cover loss in September 2009. Because no valid contract exists, the court will GRANT Allstate's motion for summary judgment and DISMISS WITH PREJUDICE all of Mr. Gauthier's claims against Allstate.

IV.     CONCLUSION

Because Mr. Gauthier did not present evidence sufficient to show that a valid contract existed with either Allstate or Nationwide on September 21, 2009 when Mr. Gauthier sustained the loss of his residence in a fire, the court GRANTS both Defendants' motions for summary judgment; DISMISSES WITH PREJUDICE all of Mr. Gauthier's claims against both Defendants; ENTERS JUDGMENT for Nationwide and Allstate and against Mr. Gauthier.

DONE and ORDERED this 29th day of May, 2013.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE